United States Court of Appeals

Fifth Circuit

**F I L E D**

**December 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-60803

_____

BETTYE MAXWELL,

Plaintiff-Appellant,

versus

FORD MOTOR CO., ET AL.,

Defendants,

FORD MOTOR COMPANY,

Defendant-Appellee.

Appeals from the United States District Court for
the Northern District of Mississippi
(USDC No. 2:02-cv-308)

_____

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:*

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We affirm the judgment of the district court for the following reasons:

1.  The door latch theory conflicts with Appellant's pleading and prior claim concerning laminated and tempered door glass. The scheduling order required all amendments to be served by May 3, 2003 and required Appellant to designate witnesses by September 22, 2003. Appellant's counsel requested production of door latch documents in January 2004. However, Appellant did not move to compel this production, or in any other way bring the door latch theory to the attention of the district court, prior to the motion for late designation of experts in May 2004. District courts consider four factors in determining whether the testimony of a late-designated expert witness should be permitted: 1) the explanation for the failure to identify the witness; 2) the importance of the testimony; 3) potential prejudice in allowing the testimony; and 4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). Appellant had notice of the alternative theory of defective door latches for at least four months before filing its motion. Late designation would have required Appellee to defend against a new theory of recovery without benefit of full discovery. For these reasons, the district court did not abuse its discretion in denying the late designation. The district court also held that if Appellee introduced direct testimony regarding a door latch, Appellant could use door latch evidence on rebuttal. However, Appellee did not introduce door latch evidence. The district court did not abuse

Page 2

its discretion in excluding the door latch evidence.

2. Trial judges enjoy "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S. Ct. 1167, 1176, 143 L. Ed. 2d 238, 252 (1999). It is not necessary for all *Daubert* factors to be addressed. Plaintiff was allowed to present full expert testimony supporting the claim of defective glass. In addition, the district court articulated concerns that Phillips was no longer an objective expert witness. The district court did not abuse its discretion in excluding Donald Phillips' expert testimony.

3. Appellant did not seek review of the Magistrate Judge's decision excluding discovery concerning vehicles manufactured by Volvo. Appellant's briefs do not cite any authority for the proposition that otherwise admissible evidence should be excluded on the basis of an unreviewed discovery order. The district court did not abuse its discretion in allowing Appellee to submit evidence in support of its state-of-the-art defense.

4. The jury received a specific instruction to focus on the alleged defects in the Ford truck and the relationship of these defects to Maxwell's injuries, rather than what caused the truck to leave the roadway. Appellant was not prejudiced by comments concerning the distance from the Maxwell home to the casino and accident site, the $500 cash on Maxwell's body, or the condition of his cell phone.

5. Federal Rule of Evidence 803(8)(C) provides a hearsay exception for public

records and reports including "factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Appellant objected that Appellee failed to carry its burden of showing that the NHTSA report was trustworthy. To the contrary, however, Appellant bore the burden of proving that the NHTSA report was untrustworthy. *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991) ("In light of the presumption of admissibility, the party opposing the admission of the report must prove the report's untrustworthiness."). "Opinions and conclusions, as well as facts, are covered by Rule 803(8)(C)." *Id.* The district court did not abuse its discretion in allowing the NHTSA report.

6. Experts may rely on facts that are otherwise inadmissible if of a type reasonably relied upon by experts in the particular field. FED. R. EVID. 703; *Marcel v. Placid Oil Co.*, 11 F.3d 563, 567 n.6 (5th Cir. 1994). Trial courts "should defer to the expert's opinion of what data they find reasonably reliable." *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1432 (5th Cir. 1989). Appellee's expert, Robert Rucoba, testified that he both consults and relies on statistics from the federal government. The district court did not abuse its discretion in allowing Appellee's expert to testify on the basis of this statistical evidence.

Affirmed.